UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH FRANTZ, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDLAND CORPORATE TAX CREDIT III LIMITED PARTNERSHIP, a Delaware Limited Partnership,<br><br>        Defendant.<br>_____<br><br>MIDLAND CORPORATE TAX CREDIT III LIMITED PARTNERSHIP, a Delaware Limited Partnership,<br><br>        Counterclaimant/<br>        Third-Party Plaintiff,<br><br>vs.<br><br>KENNETH FRANTZ, an individual; HUMAN RESOURCES INVESTMENT CORPORATION, a Idaho corporation; MARTY FRANTZ, an individual; SUNDANCE CONSTRUCTION COMPANY, INC., an Alaska corporation; and GARY E. SOUJA, an individual,<br><br>        Counterdefendant and<br>        Third-Party Defendants. | Case No. 2:14-cv-00138-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2014, Plaintiff Kenneth Frantz ("Frantz") filed a Complaint in the District court of the First Judicial District of the State of Idaho. The complaint names Midland Corporate Tax Credit III Limited Partnership ("Midland") as the Defendant. The Complaint sought a declaratory judgment against Midland for its actions under the Partnership Agreement between the parties. Midland did not file an answer in state court. Pursuant to 28 U.S.C. § 1446, Midland removed this action from state court following its Notice of Removal to United States District Court filed on April 11, 2014. In its removal, Midland invoked this Court's jurisdiction on the basis of original jurisdiction under 28 U.S.C. § 1332(a) and 1441. On April 23, 2014, Frantz filed a Motion to Remand.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## STANDARD OF REVIEW

Under 23 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally. *Hall v. n. Am. Van Lines, Inc.*, 476 F.3d 683, 686-687 (9th Cir. 2007). But when a plaintiff institutes a diversity action in state court, which the defendant removes to federal court, there is a "strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction

on a federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). This "strong presumption" against removal jurisdiction means the defendant bears the burden of proving that removal is proper. *Mesa Industries, Inc. v. Eaglebrook Products, Inc.*, 980 F. Supp. 323, 325 (D. Ariz. 1997). The removal statute is strictly construed against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Any doubt as to the right of removal is resolved in favor of remand.[1] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

Because both parties concede that diversity of citizenship exists in this case, the sole issue before the Court is whether Midland has satisfied its burden of showing the amount in controversy satisfies the jurisdictional minimum of $75,000 as required by 28 U.S.C. §1332(a).

Where, as here, the complaint filed in state court seeks nonmonetary relief, it is "not facially evident from the complaint that the controversy involves more than $75,000." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). In such a case, the removing defendant may assert the amount in controversy in the Notice of Removal and must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2). The removing

---

[1] This Court immediately reviews each new case before it to confirm that federal jurisdiction is proper. Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it….).

defendant must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in original); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) (holding that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court"). Removal jurisdiction "cannot be based simply upon conclusory allegations." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

In the Notice of Removal, Midland alleges that the amount in controversy is satisfied because, "Plaintiff alleges in the Complaint that there is a controversy over the sale of a multifamily housing development for $3,360,000." (Notice of Removal, Dkt. 1, p. 3). The Notice of Removal itself does not provide any other underlying facts to support its assertion that the controversy is over the sale of a multifamily housing development for $3,360,000. Moreover, Frantz's Complaint asserts a dispute over the authority necessary to sell Orca Point's assets under the Partnership Agreement, not a dispute over the sale of a multifamily housing development for the specified amount of $3,360,000; the Complaint includes no such reference to this specific sale. (Complaint for Declaratory Judgment, Dkt. 1, p. 6-7). Accordingly, Midland failed to make the necessary showing that the amount in controversy satisfies the jurisdictional minimum.

In the alternative, Midland relies on its Counterclaim to satisfy the amount in controversy requirement as a means of establishing subject matter jurisdiction. (Defendant's Opposition to Plaintiff's Motion to Remand, Dkt. 14, p. 5). In a diversity case, the amount in controversy should be derived from the complaint itself. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). Where a complaint seeks declaratory judgment concerning the authority of one of the parties, the counterclaim is not used to satisfy the amount in controversy requirement. *RLA v. Cape Cod Biolab Corp.*, No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. CA Nov. 30, 2001) ("…counterclaims cannot be used to satisfy the amount in controversy requirement in removed cases."). "The great weight of the authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy." *Mesa Industries, Inc.*, 980 F. Supp at 326. This Court agrees with the position that a counterclaim cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction in this case.

Midland relies on the Ninth Circuit's decision in *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir. 1984) to affirm the right to use its counterclaim to bring the entire matter within the jurisdiction of the Court. (Defendant's Opposition to Plaintiff's Motion to Remand, Dkt. 14, p. 6). However, *Fenton* is inapposite to the present matter. In *Fenton*, the plaintiffs filed a diversity action in *federal* court alleging damages in the amounts of $6,000, $7,850, and $70,000. *Fenton*, 748 F.2d at 1359. Only *after* judgment was entered against them, the defendants appealed on the basis that the court didn't have

subject matter jurisdiction. *Id*. *Fenton* did not involve removal of a state case to federal court. *Mesa Industries, Inc.*, 980 F. Supp. at 325. To explain its basis for finding that the district court properly exercised jurisdiction, the Ninth Circuit cited specifically the plaintiff's failure to timely object to the district court's exercise of jurisdiction. *Fenton*, 748 F.2d at 1359. Unlike the party in *Fenton*, Frantz did not wait to object to this Court's jurisdiction. Rather, Frantz objected to this Court's jurisdiction immediately, prior to Midland answering the Complaint. Midland's reliance on *Fenton* ignores this fundamental difference and does not recognize that *Fenton* is distinguishable. The Court need not reach the issue of whether the dispute over the authority to sell Orca Point's assets is capable of being reduced to a pecuniary value because Midland's removal is procedurally improper.

Because Midland has failed to meet its burden to show that the amount in controversy requirement is satisfied, this Court lacks subject matter jurisdiction over the case at bar. Under the circumstances, remand is required.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the Motion to Remand (Dkt. 8) is **GRANTED.** The above-entitled action is remanded to the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai, No. CV-14-2425.

**IT IS FURTHER ORDERED** that all remaining pending motions be resolved, if appropriate, by the state court.

DATED: September 17, 2014

_____
Edward J. Lodge
United States District Judge